IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

CAMERON MUTUAL
INSURANCE COMPANY                                               PLAINTIFF/
                                                       COUNTER DEFENDANT

v.                          No. 2:13-cv-17-DPM

ROY LEWELLEN and
DORIS LEWELLEN                                                DEFENDANTS/
                                                         COUNTER CLAIMANTS

ORDER

1. Cameron Mutual Insurance Company and the Lewellens have gone back-and-forth for years on the amount of coverage owed for storm damage to the Lewellens' office building in Marianna. In July 2006, the Lewellens submitted a claim for roof and water damage after a bad rainstorm. Cameron paid for some repairs during the next two years but the claim wasn't completely resolved. Then another storm blew the back of the building's roof off and caused further water damage to the interior. The Lewellens made a claim for those damages in January 2008. Again some repairs were made but no complete resolution occurred. In broad terms, the Lewellens believed the building was a total loss, while Cameron wanted to repair. Cameron filed this

case seeking a declaration that it owes no additional coverage on the claims. In November 2012, the Lewellens counterclaimed, asserting breach of contract and bad faith. Cameron's motion for partial summary judgment raises two questions: Is the Lewellens' breach claim related to their 2006 loss time-barred? And could a reasonable juror conclude that Cameron acted in bad faith?

  **2. Statute of Limitations:** The Lewellens' breach-of-contract claim for some allegedly unpaid losses arising from the 2006 storm is timely. Subject to some exceptions, parties can, in general, set their own limitation period by contracting around the five-year statutory period. Cameron cites the leading federal case discussing and applying the Arkansas precedent. *Graham v. Hartford Life & Accident Insurance Company*, 677 F.3d 801 (8th Cir. 2012). Cameron says that's what happened here: the policy specifies that suit had to be brought within five years of the July 2006 proof of loss; the Lewellens didn't file their counterclaim until November 2012; so while the breach case can go forward on the 2008 claim, Cameron argues, it's untimely on what's left of the 2006 claim. Cameron's argument, though, is unpersuasive.

  *Graham* holds that Arkansas's public policy of giving insureds a full five

years to sue — after an insured's claim accrues on a property policy — trumps a contract for a shorter limitation period. A three-year period, for example, wasn't enforceable. *Graham*, 677 F.3d at 803-805. The circumstances here differ: the Lewellens had five years, but the clock started sooner than usual. In general, a claim accrues, and the limitations clock starts, when the company denies coverage. *Shelter Mutual Insurance Company v. Nash*, 357 Ark. 581, 591, 184 S.W.3d 425, 430 (2004). This contract started the clock at the proof-of-loss date. This shaved, in essence, the amount of time actually available to sue: insureds have little or no incentive to sue before coverage is denied; that period is spent working with the company to try and receive payments on the loss. The Arkansas cases blessing parties' right to contract about coverage nonetheless seem to allow this kind of shave. *Graham*, 677 F.3d at 803-04. (discussing cases). This Court need not resolve whether this case presents a *Graham*-like defect. Cameron's limitations defense fails on other clearer grounds.

What's left of the Lewellens' 2006 claim is timely because partial payment on any policy tolls the limitations period, whatever it may be. Ark Code Ann. § 16-56-11(b). The record is murky on the particulars. But it

appears undisputed that Cameron paid for some repairs between July 2006 and January 2008. Tolling, therefore, probably saves what's left of the 2006 claim. At a minimum, issues of material fact on this are unresolved by the current record.

Finally, the Lewellens claim breach only as to the 2006-related damages that had allegedly not been fixed when the January 2008 storm hit. Cameron makes no argument that suit on the 2008 claim was untimely; and the record and the law wouldn't sustain such an argument. To the extent the building's 2008 damage resulted from what Cameron hadn't fixed from the 2006 storm, the Lewellens' November 2012 counterclaim timely asserted a breach.

**3. Bad Faith:** The Lewellens' proof of bad faith would not support a verdict. There's no question the Lewellens have had a nightmarish experience.

- The mold and mildew from the water damage to the building's interior made Mr. Lewellen and his employees sick, even though they wore surgical masks while working;

- Water damage to the electrical system made working in the building hazardous, which Cameron knew but refused to have repaired;

- According to Cameron's local agent, the Lewellens' claim was "the worst handled of claims [he had] ever been involved in;"

- Cameron refused to declare the building a total loss;

- Cameron knew that the moldy conditions harmed Mr. Lewellen's law practice;

- Cameron kept an independent adjuster on the claim, despite the Lewellens' request for Cameron to send one of its own people to look at the damage; and

- The parties' dispute dragged on for about six years, culminating in Cameron's 2012 suit against its insureds.

Despite all this rigmarole and delay, nothing suggests that Cameron lied about coverage, actively concealed coverage, intentionally delayed processing the claims, altered any records, or threatened the Lewellens in any way. *State Auto Property & Casualty Insurance Company v. Swaim*, 338 Ark. 49, 58, 991 S.W.2d 555, 561 (1999) (collecting Arkansas cases). Six years of pre-suit wrangling would be draining for anyone. But this record shows contentious long-term disagreement — total loss versus repairs — between strong-willed parties, not bad faith. And at least some of the delay is attributed to the Lewellens' belated response to Cameron's request for damage inventory and repair documents.

A reasonable fact finder could not conclude from this record that Cameron engaged in "*affirmative misconduct* of a nature which is malicious,

dishonest, or oppressive." *Aetna Casualty & Surety Company v. Broadway Arms Corporation*, 281 Ark. 128, 137, 664 S.W.2d 463, 467 (1984)(emphasis added). As the Lewellens candidly acknowledge, negligence or bad judgment doesn't suffice. *Watkins v. Southern Farm Bureau Casualty Insurance Company*, 2009 Ark. App. 693, 370 S.W.3d 848, 856 (2009).

The Lewellens point to a particular precedent, arguing that Cameron's conduct was likewise oppressive. *Columbia National Insurance Company v. Freeman*, 347 Ark. 423, 427, 64 S.W.3d 720, 722 (2002). The case is similar. It is distinguishable, though, in an important way. That insurance company's intentional acts supported the reasonable inference of ill will. Crediting the Freemans' proof, Columbia National did these things: requested, then ignored, copies of bills for ongoing expenses; promised to provide a temporary location, then crawfished when it discovered the cost; agreed on repair costs, then refused to pay; intentionally lost important documents; created a dummy file; and scolded the Freemans for hiring a lawyer, saying that this step further complicated their claim. 347 Ark. at 430-31, 64 S.W.3d at 723-24. All this amounted to "oppressive conduct carried out with a state of mind characterized by ill will." 347 Ark. at 431, 64 S.W.3d at 725. While the

Lewellens' experience with Cameron would distress any reasonable person, the company's conduct falls short of oppression motivated by ill will. The Lewellens have a strong case on breach, but no submissable case on bad faith.

4. Cameron's motion for partial summary judgment, № 41, is granted in part and denied in part. The Lewellens' bad faith claim is dismissed with prejudice. Their contract claim remains for the jury. The parties should get ready for trial on 3 November 2014 in Helena.

So Ordered.

*WPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

16 September 2014